IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

THOMPSON METAL FAB, INC.,

         Plaintiff,

                                                  Case No. 3:12-cv-1175-HZ (Lead Case)
                                                        3:12-cv-01180-HZ (Trailing Case)
                                                       3:12-cv-01181-HZ (Trailing Case)

                                                             OPINION & ORDER

     v.

UNITED STATES DEPARTMENT OF
TRANSPORTATION, et al,

         Defendants.

Jill S. Gelineau
Carson D. Bowler
SCHWABE WILLIAMSON & WYATT, PC
1600-1900 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204

     Attorneys for Thompson Metal Fab, Inc.

Matthew S. Kirkpatrick

1 - OPINION & ORDER

Charles F. Hudson
LANE POWELL LP
601 SW 2nd Avenue, Suite 2100
Portland, OR 97204

    Attorneys for Greenberry Industrial LLC

Stephen J. Odell
Sean E. Martin
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-1024

Brian M. Collins
U.S. DEPARTMENT OF JUSTICE
Environmental and Natural Resources of Division
P.O. Box 7411
Room PHB 3104
Washington, DC 20044-7611

Elizabeth B. Dawson
U.S. DEPARTMENT OF JUSTICE
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611

    Attorneys for United States Department of Transportation, Federal Transit
    Administration, and Federal Highway Administration

HERNANDEZ, District Judge:

    This action arises out of a project, the Columbia River Crossing Project ("CRC Project"), which seeks to replace two existing Interstate 5 bridges over the Columbia River with a new bridge and which seeks to make improvements to a separate bridge to accommodate vehicular traffic, light rail transit, pedestrians, and bicyclists. Plaintiffs include the Coalition for Livable Future, the Northwest Environmental Defense Center, the Northeast Coalition of Neighbors, the Hayden Island Livability Project and its members, the Hayden Island Manufactured Home Community Homeowners Association and its members, the Organizing People-Activating

2 - OPINION & ORDER

Leaders and its members, and local residents Donna Murphy, Herman Kachold, and Pamela Ferguson. Plaintiffs bring their claims against the Federal Highway Administration ("FHWA"), the Federal Transit Administration ("FTA"), and the National Marine Fisheries Service ("NMFS").

The Coalition for Livable Future, the Northwest Environmental Defense Center, and the Northeast Coalition of Neighbors allege that the CRC Project violates the Administrative Procedure Act ("APA"), the National Environmental Policy Act ("NEPA"), and the Endangered Species Act ("ESA"). Hayden Island Livability Project and its members, the Hayden Island Manufactured Home Community Homeowners Association and its members, the Organizing People-Activating Leaders and its members, and local residents Donna Murphy, Herman Kachold, and Pamela Ferguson allege that the CRC Project violates the APA, NEPA, and the Clean Air Act ("CCA").

The Washington State Department of Transportation ("WDOT") and the Oregon Department of Transportation ("ODOT") now seek to intervene as defendants pursuant to rule 24 of the Federal Rules of Civil Procedure and have filed separate motions to intervene (docs. #52 and #69). Although plaintiffs do not oppose WDOT's or ODOT's motions, they request that this Court impose certain conditions on WDOT's and ODOT's intervention. Specifically, plaintiffs seek an order declaring that WDOT has waived its sovereign immunity by intervening in this action and request that WDOT be limited to raising only those arguments not made by other defendants. Plaintiffs also seek a declaration that ODOT be precluded from defending itself against plaintiffs' ESA claims and request that ODOT be required to abide by any schedule currently adopted by the parties and to coordinate with other defendants and file its briefs at the

3 - OPINION & ORDER

same time as other defendants.[1]  Finally, plaintiffs seek an order imposing word limitations on ODOT's briefing.

For the reasons set forth below, WDOT's and ODOT's motions (docs. #52 and #69) are GRANTED, and I decline to issue an order imposing the conditions requested by plaintiffs.

**STANDARD**

Rule 24 provides for intervention as of right and permissive intervention.  See Fed. R. Civ. P. 24(a)-(b).  Rule 24(a) governs intervention as of right.  Fed. R. Civ. P. 24(a).  It provides that a court "must permit anyone to intervene" who "is given an unconditional right to intervene by a federal statute" or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).

Rule 24(b) governs permissive intervention.  Fed. R. Civ. P. 24(b).  It provides that a court "may permit anyone to intervene who . . . is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)-(2).  When exercising its discretion under Rule 24(b), the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

In determining whether intervention is appropriate, courts "are guided primarily by practical and equitable considerations" and "generally interpret the requirements broadly in favor of intervention."  Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998) (citation omitted). "The party seeking to intervene bears the burden of showing that all the requirements for

---

[1] Thompson Metal Fab, Inc. ("Thompson"), a manufacturer of large metal structures, also brings claims against defendants.  Thompson, however, did not respond to WDOT's or ODOT's motions.

intervention have been met." United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004) (citation omitted).

## DISCUSSION

### I. WDOT's Motion to Intervene

Although plaintiffs do not oppose WDOT's motion to intervene, they seek a declaration stating that WDOT has waived its Eleventh Amendment sovereign immunity against "all the issues raised by [plaintiffs]". Resp. to WDOT, p. 2. Plaintiffs also seek an order requiring that WDOT "consult with the other defendants before submitting any brief and to only present arguments that those parties do not intend to advance" because according to plaintiffs, WDOT's intervention "could prejudice the plaintiffs and this Court by allowing for duplicative and unnecessary briefing". Id., pp. 3-4. WDOT agrees that "it has no sovereign immunity with respect to the issues raised in this matter", but asserts that it waives its sovereign immunity "only to the extent that the [p]laintiffs' positions are clear from their complaints". Id., p. 2. WDOT urges this Court to refrain from addressing the issue of sovereign immunity at this time because plaintiffs may attempt to expand the scope of their claims or add new claims.

I agree with WDOT and decline at this juncture of the proceedings to issue the declaration requested by plaintiffs. WDOT's motion to intervene simply does not require this Court to address the issue of whether or not WDOT has waived its sovereign immunity. I also decline to impose any of the conditions sought by plaintiffs. WDOT has already expressed that it "expects to adhere to any scheduling orders [sic] previously entered by this court, and to file briefs or other pleadings on the same schedule as the federal defendants." WDOT Mem. in Supp., p. 4. Additionally, none of the authority cited by plaintiffs supports an order imposing the conditions requested by plaintiffs. Notwithstanding plaintiffs' assertion that the addition of

5 - OPINION & ORDER

WDOT may result in "duplicative and unnecessary briefing", plaintiffs proffer no compelling reason supporting the conditions they seek to impose on WDOT.

In sum, WDOT's motion to intervene is granted. I decline to declare at this time that WDOT has waived its sovereign immunity and decline to impose any of the conditions that plaintiffs seek.

## II. ODOT's Motion to Intervene

Plaintiffs do not oppose ODOT's motion to intervene, but seek an order barring ODOT from defending itself against any of plaintiffs' ESA claims. Plaintiffs contend that this order is proper because ODOT has not addressed in its motion, supporting memorandum, or proposed answer, any of the asserted ESA claims. I decline to issue the order requested by plaintiffs because at this time, ODOT does not seek to intervene as a defendant against plaintiffs' ESA claims. Plaintiffs provide no authority supporting their position that ODOT has waived or is otherwise precluded from defending itself against plaintiffs' ESA claims for the remainder of this action simply because ODOT has not addressed them at this stage of the litigation. Furthermore, such an order is not relevant as to whether ODOT may properly intervene as a defendant pursuant to Rule 24.

Plaintiffs also seek an order requiring that ODOT "consult with the other defendants before submitting any brief and to only present arguments that those parties do not intend to advance" and request that "[i]n the interests of fairness," ODOT be limited to "more stringent word limitations of the briefs submitted" and that plaintiffs be afforded "more lenient restrictions on the number of briefs and the number of allowed words in the briefs". Resp. to ODOT, pp. 5-6. I decline to issue the order plaintiffs seek because ODOT has already stated that it intends to comply with the existing briefing schedules, file its briefs at the same time as existing

defendants, and coordinate with defendants to avoid duplicative arguments. See ODOT Reply, p. 4. In addition, plaintiffs proffer insufficient reasons and authority to support the word limitations they seek to impose against ODOT.

## CONCLUSION

Based on the reasons above, WDOT's motion to intervene (doc. #52) is GRANTED and ODOT's motion to intervene (doc. #69) is GRANTED. I decline to issue an order at this time declaring that WDOT has waived its sovereign immunity or imposing any of the other conditions requested by plaintiffs.

IT IS SO ORDERED.

Dated this 12 day of MARCH, 2013.

/s/ Marco Hernández
MARCO A. HERNANDEZ
United States District Judge

7 - OPINION & ORDER